**Rolen R. RAINS, Appellant,**

v.

**Trammell CROW, Appellee.**

**No. 20298.**

Court of Civil Appeals of Texas, Dallas.

June 3, 1980.

Rehearing Denied July 10, 1980.

L. Randall Yazbeck, Barclay & Yazbeck, Dallas, for appellant.

Joan F. Vachule, Strasburger & Price, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

CARVER, Justice.

Rolen R. Rains sued Trammell Crow for damages for causing his alleged unlawful arrest by an officer of the Dallas Police Department. The trial court sustained Crow's motion for summary judgment and Rains appeals. We affirm on the ground that a "lawful" arrest for undisputed conduct proscribed by a city penal ordinance is not converted to an "unlawful" arrest so as to support a civil action for damages even if the city ordinance is subsequently determined to be unconstitutional.

Rains was distributing commercial handbills on the public sidewalk adjacent to an

office building owned by Crow. The officer arrested Rains and charged him with violation of section 7A–10 of the 1960 Revised Code of the City of Dallas which provides as follows:

No person shall throw or deposit any commercial or noncommercial handbill in or upon any sidewalk, or other public place within the city; *nor shall any person hand out or distribute or sell any commercial handbill in any public place.* It shall not be unlawful on any sidewalk, street or other public place within the city for any person to hand out or distribute, without charge to the receiver thereof, any noncommercial handbill to any person willing to accept it. [Emphasis added.]

Rains admits distributing the handbills in violation of the city penal ordinance, but he seeks a trial to prove that the ordinance is unconstitutional and thus, any arrest or confinement thereunder is unlawful.

It is evident from Rains' argument that the correctness of the summary judgment turns on whether a subsequent judicial finding that a city ordinance is unconstitutional can relate back to the time of an arrest and convert an otherwise lawful arrest into an arrest that is unlawful, for which civil damages could be awarded.

In *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the United States Supreme Court considered a similar question concerning the civil liability of a policeman making an arrest under an ordinance which was subsequently declared to be unconstitutional. In *Pierson* the court said:

The common law has never granted police officers an absolute and unqualified immunity, and the officers in this case do not claim that they are entitled to one. Their claim is rather that they should not be liable if they acted in good faith and with probable cause in making an arrest under a statute that they believed to be valid. Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because

the innocence of the suspect is later proved. . . . A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does. Although the matter is not entirely free from doubt, the same consideration would seem to require excusing him from liability for acting under a statute that he reasonably believed to be valid but that was later held unconstitutional on its face or as applied. [Citations and footnote omitted.]

386 U.S. at 555, 87 S.Ct. at 1218, 18 L.Ed.2d at 295. *Pierson* would be directly in point if Rains had sued the arresting officer.

Since Rains sued Crow, however, we must consider whether a private citizen who "causes" an officer to make a lawful arrest may be afforded the same protection as a police officer under *Pierson*. In *Pratt v. Brown*, 80 Tex. 608, 16 S.W. 443 (1891), Pratt appeared at a train station in a drunken state and the railroad's agent summoned the city police. Meanwhile Pratt had fallen asleep in the waiting room. He was awakened by the railroad's agent and a policeman, who arrested Pratt for drunkenness in a public place. No prosecution followed, and Pratt sued the railroad's agent and the railroad for false arrest and confinement for a night and a day in the city jail. The court found that the policeman had probable cause to arrest and confine Pratt for an offense committed in the presence and view of the policeman. As to the railroad and its agent, the court held: "If the acts of the policeman . . . were legal, it would follow that those of the defendant, through its servant, in abetting him, were likewise legal and justifiable."

We hold that if the arresting officer cannot be liable to Rains under *Pierson*, then, under *Pratt*, Crow cannot be liable to Rains for procuring or abetting his arrest. Consequently, the summary judgment against Rains was correct.

Since a determination of the constitutionality of section 7A–10 of the 1960 Revised Code of the City of Dallas is not necessary

to our decision, we expressly make no ruling on this issue.

Affirmed.